IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF TEXAS
BEAUMONT DIVISION

No. 1:07-CR-57

United States of America

v.

Avery Curtis Beverly

         Defendant

**Findings of Fact and Recommendation on Guilty Plea
Before United States Magistrate Judge**

Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned United States Magistrate Judge to receive defendant's guilty plea.

On May 19, 2009, defendant, defendant's counsel, and the government came before the court for guilty plea and allocution on Count IV of the Indictment filed herein, charging a violation of 21 U.S.C. § 841(a)(1). After conducting proceedings in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, the undersigned accepted the guilty plea upon finding that:

(1) Defendant, after consultation with counsel of record, knowingly and voluntarily consents to pleading guilty before a United States magistrate judge,

and did plead guilty to Count IV of the Indictment subject to final approval of the plea agreement, conviction and imposition of sentence by the district judge to whom this case is assigned.

(2) Defendant is fully competent and capable of entering an informed plea, is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

(3) Defendant's plea is made pursuant to a plea agreement, a copy of which was produced for inspection and filed in the record. The plea agreement is of the type specified in Fed. R. Crim. P. 11 (c)(1)(A) and (C), in that (1) the government agrees to not bring, or move to dismiss, other charges and (2) that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

(4) Defendant was advised that the court would defer its decision as to acceptance or rejection of the plea agreement until there has been an opportunity to consider the presentence report.

(5) Defendant was further advised that if the court accepts either or both of the plea agreement provisions wherein the United States agrees to dismiss or not bring other charges and further agrees to a specific sentence or sentencing range, such agreed disposition(s) will be included in the judgment. Defendant was further advised that if the court rejects either or both of those provisions, the court will give defendant an opportunity to withdraw the plea of guilty. Defendant was further advised that if defendant were to then choose not

to withdraw the plea of guilty, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

RECOMMENDATION

Defendant's guilty plea has been accepted. The court should defer its decision as to acceptance or rejection of the plea agreement until it has an opportunity to consider the presentence report. If the court ultimately decides to accept the plea agreement, defendant should be adjudged guilty of the offense to which he has pleaded guilty.[1]

SIGNED this 19 day of May, 2009.

_____
Earl S. Hines
United States Magistrate Judge

---

[1] Upon conclusion of plea proceedings, both parties stated that they do not object to the findings and recommendation stated above. Moreover, magistrate judges accept felony guilty pleas for purposes of Rule 11, Federal Rules of Criminal Procedure, upon direction of a United States district judge and with consent of the parties under the "additional duties" clause of the Federal Magistrates Act of 1968, codified at 28 U.S.C. § 636(b)(3). Section 636(b)(3) does not provide a party with ten days to file written objections. Minetti v. Port of Seattle, 152 F.3d 1113 (9th Cir.1998); see also United States v. Brumer, 528 F.3d 157 (2nd Cir.2008), United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir.2003).